**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4732**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

LANIER COOPER,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (1:07-cr-00161-LMB)

———————

Submitted:  February 14, 2008        Decided:  March 10, 2008

———————

Before MOTZ and GREGORY, Circuit Judges, and WILKINS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael S. Nachmanoff, Federal Public Defender, Todd M. Richman, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, David Aaron, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lanier Cooper was convicted by a magistrate judge of two counts of desertion of the mail, in violation of 18 U.S.C. § 1700 (2000). He was sentenced to probation of twelve months and fined. Cooper appealed to the district court pursuant to Fed. R. Crim. P. 58(g)(2), and the district court affirmed. He now appeals to this court, contending that there was insufficient evidence to support his convictions and that certain statements were admitted into evidence in violation of Garrity v. New Jersey, 385 U.S. 493 (1967). We affirm.

The evidence was sufficient to convict Cooper on both counts. See Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Bursey, 416 F.3d 301, 305-06 (4th Cir. 2005). Viewed in the light most favorable to the Government, the evidence established that on August 29, 2005, Cooper abandoned a tub of undelivered mail on the stoop of a building in Alexandria, Virginia, that was located on his postal route. Further, on August 30, 2005, Cooper was discovered to have in his locker at the postal facility a quantity of undelivered mail from August 26, 2005. That mail was from another route for which Cooper was responsible. Cooper admitted that he placed the mail in his locker because he did not want management to find out that he had curtailed the delivery of mail. It is reasonable to infer that his fear that management would learn of his substandard job performance was also

- 2 -

Cooper's motivation for deserting the mail on August 29. We reject Cooper's argument that his act of placing mail in his locker for several days constituted delivery of mail "into the post office at the termination of [his] route." See 18 U.S.C. § 1700. This argument is at odds with the statute's apparent purpose of ensuring reliable and prompt mail delivery.

Cooper also contends that the magistrate judge erroneously permitted admission of his statements to a postal inspector. We agree with the district court that there was no Fifth Amendment violation under Garrity, which prohibits the use in a subsequent prosecution of statements obtained under threat of removal from a job. 385 U.S. at 500. In contrast to the situation in Garrity, there was no evidence that Cooper was told that if he did not cooperate by answering the questions of postal inspectors, he would be fired.

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED